**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; MOTOWN RECORD COMPANY, LP., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership, | **:** **:** **:** **:** | Case No. 3:07CV0289  District Judge Walter Herbert Rice  Magistrate Judge Sharon L. Ovington |
| Plaintiffs, | **:** | |
| vs. | **:** | |
| SARAH DAWN BROWN, | **:** | |
| | **:** | |
| Defendant. | | |
| | **:** | |

**REPORT AND RECOMMENDATIONS[1]**

### I.    INTRODUCTION

Plaintiffs UMG Recordings, Inc., Motown Record Company, Sony BMG Music Entertainment, and BMG Music ("Plaintiffs") bring this copyright infringement suit against Defendant Sarah Dawn Brown ("Brown") alleging that Brown reproduced and distributed sound recordings that the Plaintiffs owned exclusive rights to. (Doc. #1). Plaintiffs raise one count against Brown for copyright infringement pursuant to 17 U.S.C. § 101 *et seq*, alleging that Brown used an online media distribution system known as KaZaa to reproduce and distribute

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

copyrighted recordings to the public without permission or consent. *Id*. Additionally Plaintiffs seek an injunction against Brown to prevent her from infringing on their copyrights in the future. *Id.*   This matter is before the Court upon Plaintiffs' Motion for Summary Judgment (Doc. # 21) to which Defendant has failed to respond.

      II.     **SUMMARY JUDGMENT STANDARD**

A moving party is entitled to summary judgment if no genuine dispute over a material fact exists and the movant is entitled to judgment as a mater of law. Fed. R. Civ. P. 56(c); *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). When determining if a genuine issue of material fact exists, the Court views the evidence in a light most favorable to the nonmoving party, accepting the nonmoving party's evidence as true and drawing all inferences in the nonmoving party's favor. *Matsushita Elec. Industrial Co., Ltd. V. Zenith Radio*, 475 U.S. 574. 587 (1986); *see Little Caesar Enterprises, Inc. V. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

In a motion for summary judgment the moving party has the burden of showing that the nonmoving party has failed to established an element of the case that nonmoving party would have the burden of showing at trial. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). If the movant makes this showing, the nonmoving party cannot rely on their prior pleadings, but must set forth specific evidence that creates a factual dispute for trail. *Anderson*, 477 U.S. at 250. A factual dispute is material if it involves facts that necessary and essential for a successful suit "under the governing law." *Id.* At 248. A factual dispute is genuine if evidence exists that a reasonable jury could use to find in favor of the nonmoving party. *Id.* Therefore to defeat a motion for summary judgment the nonmoving party must show that evidence exists that

a reasonable jury could use to find in their favor on an essential element of the governing law.

A moving party is entitled to judgment as a matter of law if "there can be but one reasonable conclusion as to the verdict.*" Id*.

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Lenz v. Erdmann Corp.*, 773 F.2d 62,66 (6th Cir.1985)(citations omitted). At the summary judgment stage the Court has to determine if the evidence creates a sufficient disagreement and requires submission of the claim or claims to a jury, or whether the evidence is so in favor to the moving party that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 251-52; *see Little Caeser Enterprises*, 219 F.3d at 551.

### III.   FACTUAL BACKGROUND

On January 24, 2005 Plaintiffs' investigator, MediaSentry, detected a KaZaa user going by the screen name "thckgurl_84@KaZaa" distributing Plaintiffs' copyrighted sound recordings. Using "thckgulr_84@KaZaa"'s Internet Protocol (IP) address and Internet Service Provider (ISP), Wright State University, Plaintiffs identified Brown as "thckgurl_84@KaZaa". (Doc. #21-2, p.2 ¶3). Plaintiffs discovered at least seven sound recordings that they owned copyrights or licensees of exclusive rights to in Brown's shared music file. *Id*. The seven sound recordings found were: "I Can Love You" from the album "Share My world" by "Mary J. Blige" (SR # 238-818); "These Are The Times" from "Enter the Dru" by "Dru Hill" (SR # 290-402); "On Bended Knee" from "II" by "Boyz II Men" (SR # 196-004); "Freaky Thangs" from "Word of Mouf" by "Ludacris" (SR # 304-605); "One Sweet Day" from "Daydream" by "Mariah Carey" (SR # 215-243); "Sweet Lady" from "Tyrese" by "Tyrese" (SR # 237-788); and "5 Steps" from "Dru Hill"

by "Dru Hill" (SR # 227-760). (Ex. A to Doc. #1).

After failing to negotiate a resolution with Brown, Plaintiffs filed this suit for copyright infringement on August 7, 2007. (Doc. #1). Brown was served a copy of the complaint on September 25, 2007 at 611 Delaware Avenue in Dayton, Ohio and filed an answer on November 20, 2007. (Doc. #21-2, p.3 ¶2). In an effort to contact Brown, Plaintiffs conducted a search for Brown's contact information and discovered three addresses for Brown other than the Delaware address, and several telephone numbers, all of which were wrong numbers or non-working numbers. *Id*. On February 13, 2008 Plaintiffs served Brown with written discovery requests and their first request for admission at all four known address for Brown. (Doc. 21-2, p.3 ¶3). In addition, on March 5, 2008 Plaintiffs sent a set of discovery request to a fifth address that they discovered from a change of address notification from the United States Postal Service. *Id*. After recieving no response from Brown, Plaintiffs sent a letter pursuant to Fed. R. Civ. P. 37 to Brown attempting to procure responses to their written discovery requests on March 27, 2008. *Id*. To date Brown has failed to respond to Plaintiffs' discovery requests and request for admissions, has not provided this Court or the Plaintiffs different contact information, and has failed to reply to Plaintiffs' motion for summary judgment. *Id*.

Pursuant to Fed. R. Civ. P. 36(a)(3), Brown's failure to respond to Plaintiffs' request for admission in a timely matter has deemed the following facts undisputed and admitted by Brown:

1. Plaintiffs own valid registered copyrights or licensees of exclusive rights to the afore mentioned sound recordings, the registered copyrights or licensees existed before Brown downloaded the sound recordings, proper notices of copyright were placed on the album cover's of each sound recording, the notices appeared on published copies of the sound recordings, and published copies of the sound recordings were widely available and accessible by Brown. (Doc.# 21-3 *et seq*).

2. Brown was never authorized by any of the Plaintiffs to copy, download onto a

4

      computer hard drive, or distribute any of the sound recordings. (Doc. #21-3 ¶ 10).

3.     Brown knowingly and willfully infringed the copyright on each sound recording by using an online media distribution system to reproduce (download) and distribute (make available for upload) the copyrighted sound recordings. (Doc. #21-3 ¶¶11-12).

## IV.    ANALYSIS

For Plaintiffs to be successful on their copyright infringement claim they must show that: (1) they own the copyrights to the sound recordings infringed upon; and (2) that Defendant copied or distributed those sound recordings without their permission. *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 352 (6th Cir. 2004). Because of Brown's failure to reply to Plaintiffs' request for admissions or oppose this motion for summary judgment, there is no factual dispute over either of these elements. It is deemed admitted by Brown that Plaintiffs are indeed the copyright holders to the sound recordings found in her share folder, and that she reproduced (downloaded) and distributed (made available for upload) the copyrighted sound recordings without Plaintiffs' permission.

Brown's conduct constitutes reproduction because online media distribution system users who download copyrighted sound recordings violate the copyright holders exclusive reproduction rights. *MGM Studios Inc. v. Grokster Inc.*, 259 F. Supp. 2d 1029, 1034-35 (C.D. Cal. 2001); *aff'd*, 380 F.3d 1154 (9th Cir. 2004); *aff'd*, 125 S. Ct. 2764 (2005) (while the Supreme Court never directly addressed this issue they consistently refer to music downloads as "infringing downloads" throughout their opinion).

Brown's conduct constitutes distribution because online media distribution system users who upload copyrighted sound recordings violate the copyright holders exclusive right to distribution. *Grokster*, f. Supp. 2d at 1034-35.

5

Because Brown is deemed to have admitted that Plaintiffs hold valid copyrights to the sound recordings in her shared music folder, and that she (Brown) downloaded the sound recordings and made them available to other KaZaa user, there can be but one reasonable conclusion; Brown infringed on Plaintiffs' copyrights. Additionally since Brown did not oppose Plaintiffs' motion for summary judgment there is no dispute over the facts and evidence used to reach this conclusion. Therefore there is no genuine issue of material that needs to be decided at trial because Brown has failed to set forth specific evidence that a reasonable jury could use to find in her favor at trial on either essential elements of the applicable copyright law.

In regards to damages, Plaintiffs are entitled to the minimum statutory damages provided by 17 U.S.C. § 504(c)(1), the damages are $750.00 for each infringement or $5,250.00. Plaintiffs are entitled to these damages as recently explained by the Court in *Virgin Record America, Inc., et al., v. Murdock*, Case No. 2:06-cv-931 (S.D. Ohio 2008) (District Judge Holschuh granting summary judgment in favor of Plaintiffs after Defendant failed to respond to request for admissions or motion for summary judgment, and awarding minimum statutory damages to Plaintiff).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs' Motion for Summary Judgment (Doc. # 21) be GRANTED;

2. Judgment be entered in favor of Plaintiffs and against Defendant Sarah Dawn Brown in the amount of Five Thousand Two Hundred Fifty Dollars ($5,250.00);

3. Sarah Dawn Brown be ordered to pay Four Hundred Twenty Dollars ($420.00) to Plaintiffs for costs of this suit; and

4. Sarah Dawn Brown should be enjoined from directly of indirectly infringing Plaintiffs' rights under federal or state law in any of the following copyrighted sound recordings:

"I Can Love You" from"Share My world" by "Mary J. Blige" (SR # 238-818);
"These Are The Times" from "Enter the Dru" by "Dru Hill" (SR # 290-402);
"On Bended Knee" from "II" by "Boyz II Men" (SR # 196-004);
"Freaky Thangs" from "Word of Mouf" by "Ludacris" (SR # 304-605);
"One Sweet Day" from "Daydream" by "Mariah Carey" (SR # 215-243);
"Sweet Lady" from "Tyrese" by "Tyrese" (SR # 237-788); and
 "5 Steps" from "Dru Hill" by "Dru Hill" (SR # 227-760); and any other sound recordings, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs') (Plaintiffs' Recordings), including without limitation using the internet or any other online media distribution system to reproduce (download) or distribute (upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with express authority of Plaintiffs. Sarah Dawn Brown shall destroy all copies of Plaintiffs' Recordings that she has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in her possession, custody, or control.

August 6, 2008

               s/ Sharon L. Ovington
                Sharon L. Ovington
            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).